IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS AG, NOVARTIS PHARMA AG, NOVARTIS INTERNATIONAL PHARMACEUTICALS LTD, and LTS LOHMANN THERAPIE-SYSTEME AG, | ) ) ) ) ) ) | C. A. No.: 11-1077-RGA |
| Plaintiffs, | ) ) | REDACTED - PUBLIC VERSION |
| v. | ) ) ) | |
| ACTAVIS SOUTH ATLANTIC LLC, and ACTAVIS, INC., | ) ) ) | |
| Defendants. | ) ) ) | |

| | | |
|---|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS AG, NOVARTIS PHARMA AG, NOVARTIS INTERNATIONAL PHARMACEUTICALS LTD, and LTS LOHMANN THERAPIE-SYSTEME AG, | ) ) ) ) ) ) | C. A. No.: 11-1112-RGA |
| Plaintiffs, | ) ) | REDACTED - PUBLIC VERSION |
| v. | ) ) ) | |
| WATSON LABORATORIES, INC., WATSON PHARMA, INC., and WATSON PHARMACEUTICALS, INC., | ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF SUBPOENA TO HENKEL CORPORATION TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendants Watson Laboratories, Inc., Watson Pharma, Inc., and Watson

Pharmaceuticals, Inc. (collectively "Watson") shall cause a subpoena for production of

documents, electronically stored information, or objects or to permit the inspection of premises

to be served on Henkel Corporation, c/o Corporation Service Company, 2711 Centerville Road,

Suite 400, Wilmington, DE 19808.  A true and correct copy of the subpoena is attached as

Exhibit A.

PLEASE TAKE FURTHER NOTICE that the production of documents, electronically

stored information, or objects is compelled by subpoena, a copy of which is attached.  The

documents, production of which is requested by **10:00 a.m. on November 2, 2012 at the offices**

**of Rothwell, Figg, Ernst & Manbeck, P.C., 607 14th Street, N.W., Suite 800, Washington,**

**DC 20005**, are set forth in Schedule A to the subpoena attached to this notice.  The production of

documents may also be made prior to November 2, 2012, or at such other time and location as is

mutually agreed upon.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Monté T. Squire*

Melanie K. Sharp (No. 2501)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE  19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6681
msharp@ycst.com

ROTHWELL, FIGG, ERNST & MANBECK
E. Anthony Figg
C. Nichole Gifford
607 14th Street, N.W., Suite 800
Washington, DC  20005
(202) 783-6040
efigg@rfem.com
ngifford@rfem.com

Dated:  October 19, 2012

*Attorneys for Defendants Watson Laboratories, Inc., Watson Pharma, Inc. and Watson Pharmaceuticals, Inc.*

# EXHIBIT A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | | |
|---|---|---|
| Novartis Pharmaceuticals Corp., et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:11-cv-01112-RGA |
| Watson Laboratories, Inc., et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Delaware          ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Henkel Corporation
    c/o Corporation Service Company, 2711 Centerville Rd, Suite 400, Wilmington, DE 19808

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:   See Schedule A

| Place: Rothwell, Figg, Ernst & Manbeck, P.C. 607 14th Street, N.W., Suite 800 Washington, DC 20005 | Date and Time: 11/02/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   10/16/2012

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Watson Laboratories, Inc., Watson Pharma, Inc. and Watson Pharmaceuticals, Inc.                    , who issues or requests this subpoena, are:
Derek F. Dahlgren, Rothwell Figg Ernst & Manbeck PC, 607 14th Street, N.W., Suite 800, Washington, DC 20005
Tel: (202) 783-6040   Email: ddahlgren@rfem.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:11-cv-01112-RGA

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# SCHEDULE A

# REDACTED IN ITS ENTIRETY

# Schedule B

**Stipulated Protective Order**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| X | |
| NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS AG, NOVARTIS PHARMA AG, NOVARTIS INTERNATIONAL PHARMACEUTICAL LTD. and LTS LOHMANN THERAPIE-SYSTEME AG, | : |
| Plaintiffs, | : Case No. 1:11-cv-01077-~~SLR~~ *RGA* |
| v. | : |
| ACTAVIS SOUTH ATLANTIC LLC and ACTAVIS, INC., | : |
| Defendants. | : |
| | : |
| NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS AG, NOVARTIS PHARMA AG, NOVARTIS INTERNATIONAL PHARMACEUTICAL LTD. and LTS LOHMANN THERAPIE-SYSTEME AG, | : |
| Plaintiffs, | : Case No. 1:11-cv-01112-~~SLR~~ *RGA* |
| v. | : |
| WATSON LABORATORIES, INC., WATSON PHARMA, INC., and WATSON PHARMACEUTICALS, INC., | : |
| Defendants. | : |
| X | |

### STIPULATED PROTECTIVE ORDER

MEI 13080449v.1

1

Pursuant to Federal Rule of Civil Procedure 26(c), the parties[1] hereby stipulate
that:

    1.    Any document or thing or portion thereof produced by a party to this case
("producing party") may be designated by the producing party as "Confidential" or "Highly
Confidential, Outside Counsel Eyes Only."

        a.    A party may designate as "Confidential" material which that party in good
              faith believes comprises confidential information used by it in or
              pertaining to its business, which information is not publicly known.

        b.    Any confidential material comprising sensitive financial information and
              marketing plans and forecasts, or information about non-rivastigmine
              products may be designated as "Highly Confidential, Outside Counsel
              Eyes Only." Other types of Confidential information, including ANDAs,
              NDAs, and materials concerning research and development of the
              products at issue will not be designated "Highly Confidential, Outside
              Counsel Eyes Only" but may be designated "Confidential."

        c.    Each such document or portion thereof, or thing, shall be clearly marked
              or stamped with the legend "CONFIDENTIAL" or "HIGHLY
              CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY." Such legend
              shall be placed on every page of a multi-page document. Such legend

---

[1] For purposes of this order Novartis Pharmaceuticals Corporation, Novartis AG, Novartis
Pharma AG and Novartis International Pharmaceutical Ltd. are collectively referred to as the
"Novartis plaintiffs," Actavis South Atlantic LLC and Actavis, Inc. are collectively referred to as
the "Actavis defendants," and Watson Laboratories, Inc., Watson Pharma, Inc. and Watson
Pharmaceuticals, Inc. are collectively referred to herein as the "Watson defendants." The
Novartis plaintiffs and LTS Lohmann Therapie-Systeme AG are collectively referred to as
"plaintiffs."

2

need not be placed on the original document of the producing party, but may instead be placed upon copies produced or exchanged. As to each document or portion so marked (subject to the exceptions contained in paragraphs 16 and 17 below), the receiving party shall not disclose such document or portion (or the contents thereof) to others unless by specific order of this Court or by written consent of the producing party, and shall not use such document or portion (or the contents thereof) for any purpose other than the prosecution and/or defense of the above-captioned case, and in accordance with the terms of this Order. "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" designated information cannot, for example, be used by the receiving party for the purpose of preparing or prosecuting a patent application, in any communication with the U.S. Food and Drug Administration, or in any communication with the United States Pharmacopeia. All "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" information not reduced to documentary or tangible form or which cannot be conveniently designated in the manner set forth above, such as models or electronic files, shall be designated by informing the receiving party in writing, and/or by so labeling the media on which the information is produced.

2.      Interrogatories or answers thereto, requests for admissions or responses thereto, motions, briefs, memoranda, correspondence and other documents prepared, produced, and served and/or filed in connection with this case (or portions of the foregoing) containing "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" information, or quoting or

3

referring to the substance of "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" information, shall be designated as "Confidential" or "Highly Confidential, Outside Counsel Eyes Only," in accordance with paragraph 1.

3.     Oral or transcribed testimony may similarly be designated by any party as "Confidential" or "Highly Confidential, Outside Counsel Eyes Only." All transcripts of such testimony shall be treated as "Highly Confidential, Outside Counsel Eyes Only" in their entirety until thirty (30) days following receipt of the transcript. Thereafter, the information contained in the transcript will no longer be deemed "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" unless: (1) within thirty (30) days of receiving the final transcript, the party designating such transcript as "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" provides to the other parties written notice that identifies the portions of the transcript that contain "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" information; or (2) at the deposition or hearing, counsel for the producing party stated on the record that certain portions or the entirety of the transcript contains "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" Information. The court reporter must mark the transcript accordingly pursuant to the specified designation.

4.     In the event a producing party elects to produce "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" information for inspection, no marking need be made by the producing party in advance of inspection, and all information produced for inspection shall be treated as "Highly Confidential, Outside Counsel Eyes Only" during inspection. Thereafter, upon selection of specified material for copying by the inspecting party, copies of such documents that contain "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" information shall be marked with the appropriate confidentiality marking. "Confidential"

MEI 13080449v.1

or "Highly Confidential, Outside Counsel Eyes Only" information inspected, but not selected for copying, by the inspecting party shall thereafter be treated as "Highly Confidential, Outside Counsel Eyes Only." If the producing party discovers after inspection is complete that it has inadvertently produced "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" information that has not been properly designated as such, the producing party may correct that error by identifying to the receiving party in writing the "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" information and the confidential nature of the information. The parties agree thereafter to treat that information in accordance with this Order.

5.     Information which becomes available to any party via inspection, measuring, analyzing, or testing of any sample or thing designated as "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" pursuant to paragraph 1, or which is prepared or derived by utilizing information designated as "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" information and supplied under this Order, shall also be considered "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" information, as the case may be, under this Order.

6.     Information designated "Confidential" as described in this Order shall be deemed and treated as "Confidential" information unless and until the Court rules to the contrary, and any access thereto or use or disclosure thereof shall be limited, unless and until the Court rules that there may be further disclosure, to the following:

a.     Attorneys employed by law firms of record for the parties in this case, and persons working solely in secretarial, clerical and paralegal capacities who are assisting those attorneys in this case;

5

    b.    Court reporters and videographers taking testimony involving information designated as "Confidential" and necessary stenographic and clerical personnel thereof;

    c.    Litigation support consultants engaged to provide services relating to document indexing or imaging, demonstrative exhibits, graphics, charts, animations and/or jury studies, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement;

    d.    Consultants or experts and their staffs to the extent cleared by the parties pursuant to paragraph 10 of this Order, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement;

    e.    Mock jurors and/or judges engaged by any consultant in preparation for trial, provided they acknowledge that the information they are shown shall be kept confidential;

    f.    The Court and the Court's staff;

    g.    No more than three in-house counsel designated by each side[2] who are employees of a party or affiliates of a party and who do not (i) have final competitive decision-making authority with respect to the party or other entity[3], or (ii) have responsibility for the prosecution of patent applications

---

[2] For purposes of this Order, the Novartis plaintiffs and LTS Lohmann Therapie-Systeme AG are a "side," the Actavis defendants are a "side" and the Watson defendants are a "side."

[3] For the avoidance of doubt, purely legal decision-making responsibilities relating to rivastigmine, including without limitation, (i) having responsibilities for negotiating or executing an agreement settling litigation, including responsibilities related to any financial terms of such an agreement and responsbililities relating to advising about launch dates, or (ii) providing advice as to whether a particular product design is legally permissible, including whether a particular product design would infringe intellectual property rights (for example, a "freedom to operate" opinion), shall not be deemed to be "competitive decision making."

claiming: rivastigmine, compositions or devices containing, methods of
making or manufacturing rivastigmine or rivastigmine-containing
products, or methods of using rivastigmine[4];

h.      Any person to whom the designating party agrees in writing; and

i.      Any person to the extent required by Court Order.

7.      Information designated "Highly Confidential, Outside Counsel Eyes
Only" as described in this Order shall be deemed and treated as "Highly Confidential, Outside
Counsel Eyes Only" information unless and until the Court rules to the contrary, and access
thereto or use or disclosure thereof shall be limited, unless and until the Court rules that there
may be further disclosure, to the following:

a.      Attorneys employed by law firms of record for the parties in this case, and
persons working solely in secretarial, clerical and paralegal capacities who
are assisting those attorneys in this case;

b.      Court reporters and videographers taking testimony involving information
designated as "Highly Confidential, Outside Counsel Eyes Only" and
necessary stenographic and clerical personnel thereof;

c.      Litigation support consultants engaged to provide services relating to
document indexing or imaging, demonstrative exhibits, graphics, charts,

---

[4] The plaintiffs identify Peter Waibel and Tim Ohnemüller as in-house counsel that comply with
the requirements of paragraph 6.g and are designated to receive "Confidential" information in
accordance with this Order. The Actavis defendants identify Andrea Sweet as in-house counsel
that comply with the requirements of paragraph 6.g and are designated to receive "Confidential"
information in accordance with this Order. The Watson defendants identify Amy Hulina, Brian
Anderson and Kent Walker as in-house counsel that comply with the requirements of paragraph
6.g and are designated to receive "Confidential" information in accordance with this Order.

7

          animations and/or jury studies, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement;

d.       Consultants or experts and their staffs to the extent cleared by the parties pursuant to paragraph 10 of this Order, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement;

e.       Mock jurors and/or judges engaged by any consultant in preparation for trial provided they acknowledge that the information they are shown be kept confidential;

f.       The Court and the Court's staff;

g.       Any person to whom the designating party agrees in writing; and

h.       Any person to the extent required by Court Order.

8.       The persons identified in paragraphs 6.c - 6.e, 6.g, 6.h and 7.c - 7.e and 7.g above shall not be permitted access to "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" information, respectively, unless and until they agree in writing to be bound by this Order by signing an Acknowledgement substantially in the form of Attachment A hereto. Outside counsel of record shall retain copies of all executed Acknowledgements. Except as provided in paragraph 10 below, copies need not be provided until the final termination of this case and at the written request of the producing party.

9.       Access to produced documents designated "Confidential" by in-house counsel designated pursuant to paragraph 6.g shall be as follows:

a.       In-house counsel designated pursuant to paragraph 6.g may receive produced documents and/or information designated "Confidential" if such documents and/or information are contained in or attached to documents

8

filed or to be filed with the court (including drafts thereof), or any document, pleading or brief in connection with any motion or other written submission filed or to be filed with the Court (including drafts thereof) or if such documents and/or information are used, discussed or marked at a deposition taken in connection with this case.

b.   The parties' contentions in this case concerning the validity (or invalidity) and infringement (or non-infringement) of the patents-in-suit, and any "Confidential" information necessary to make such contentions reasonably intelligible, may be disclosed to in-house counsel designated pursuant to paragraph 6.g.

c.   Except as provided in paragraphs 9.a and 9.b above, outside counsel of record shall not send to, or otherwise provide a copy to, in-house counsel produced documents containing "Confidential" information.  If in-house counsel designated pursuant to paragraph 6.g seek access to any such produced documents, they shall only have access in the offices of their outside counsel of record.

d.   In-house counsel designated pursuant to paragraph 6.g shall be permitted to attend the depositions of their own party's fact witnesses and to have access to "Confidential" (but not another party's "Highly Confidential, Outside Counsel Eyes Only") information and/or documents discussed, marked or used at the deposition.  In-house counsel designated pursuant to paragraph 6.g shall be permitted to attend the depositions of any expert witness retained by any party and to have access to "Confidential" (but not

9

another party's "Highly Confidential, Outside Counsel Eyes Only" )

information and/or documents discussed, marked or used at the deposition;

*provided, however*, that in-house counsel for the Actavis defendants may

not attend the depositions of experts retained by the Watson defendants,

and in-house counsel for the Watson defendants may not attend the

depositions of experts retained by the Actavis defendants with out the

prior consent of the party producing the expert.

e.   To the extent a party would like to disclose to their in-house counsel

(designated in paragraph 6.g) any "Highly Confidential, Outside Counsel

Eyes Only" information that could be disclosed to such in-house counsel

in accordance with paragraph 9.a and 9.b if it were designated

"Confidential," such party may provide written request to the producing

party identifying the "Highly Confidential, Outside Counsel Eyes Only"

information and requesting consent to provide such information to such in-

house counsel. Such consent will not be unreasonably withheld and, in

any event, the producing party will grant or deny such consent in writing

ten (10) business days of receiving the request. If the producing party fails

to respond in writing within ten (10) business days of receiving the

request, the consent shall be deemed granted and the information may be

disclosed to the requesting party's in-house counsel.

10.   The procedure for the disclosure of any "Confidential" or "Highly

Confidential, Outside Counsel Eyes Only" information to the persons described in paragraphs

6.d, 6.g, 7.d, and 7.g shall be as follows:

a.      The party seeking to disclose such information shall, before such

disclosure, disclose to outside counsel for each producing party:

     i.      The name of the person to whom the party seeks to disclose the

       information;

     ii.     The present employer, responsibilities and title of the person;

     iii.    A signed, written Acknowledgement (substantially in the form of

       Attachment A) by the person that he/she has read this Order,

       agrees to be bound by its terms, and consents to the jurisdiction of

       this Court; and

     iv.     For consultants or experts, a current resume, a list of all

       publications authored in the previous ten (10) years and a list of all

       cases in which he/she has testified at trial or deposition within the

       past four (4) years.

b.      Within ten (10) business days after receipt of the information described in

paragraph 10.a, a party may object to the disclosure of information

designated as "Confidential" or "Highly Confidential, Outside Counsel

Eyes Only" to the proposed recipient. Such objection may be made by

serving a written objection on the party seeking to make disclosure.

Counsel shall endeavor in good faith to resolve the objection on an

informal basis before presenting the matter to the Court for resolution. If

the parties are unable to resolve the objection, the objecting party may

move the Court for a protective order preventing the disclosure of

information designated as "Confidential" or "Highly Confidential, Outside

Counsel Eyes Only" to the proposed recipient.  Such motion must be filed and served within ten (10) business days of service of the party's written objection; otherwise, the objection is deemed waived.  The objecting party shall have the burden of proof.  Until the objection has been resolved by agreement of counsel or by order of the Court, no disclosure of "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" designated information shall be made to the proposed recipient.

    c.    Nothwithstanding anything in this Agreement to the contrary, information designated by the Actavis defendants as "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" information may not be disclosed by any plaintiff to any person at one of the Watson defendants or to person's working on the Watson defendants' behalf other than outside counsel of record for the Watson defendants, and information designated by the Watson defendants as "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" information may not be disclosed by any plaintiff to any person at one of the Actavis defendants or to person's working on the Actavis defendants' behalf other than outside counsel of record for the Actavis defendants.

    11.    Any "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" material to be filed with the Court in connection with this case shall be filed under seal in accordance with the applicable procedures set forth in the Local Rules for the United States District Court for the District of Delaware and/or the applicable procedures established by the clerk of the Court.  When filing papers under seal, counsel shall deliver to the Clerk an original

12

and one (1) copy of the papers.  In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

12.     No receiving party shall be under any obligation to object to the designation of any document or information as "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" at the time such designation is made, or at any time thereafter, and no party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.  If the receiving party at any time objects to the designation of any information as "Confidential" or "Highly Confidential, Outside Counsel Eyes Only," such party shall state the objection in writing to counsel for the designating party. Counsel shall endeavor in good faith to resolve the objection on an informal basis before presenting the matter to the Court for resolution.  If the parties are unable to resolve the objection, the objecting party may move the Court for an order changing or removing the designation.  The objecting party shall have the burden of showing good cause for changing or removing the designation.  Until an objection to the designation of a document has been resolved by agreement of counsel or by order of the Court, the document shall be treated as designated and subject to the terms of this Order.

13.     No party shall be responsible to another for any use made of information produced or disclosed hereunder and not identified or designated as "Confidential" or "Highly Confidential, Outside Counsel Eyes Only."  However, the inadvertent or unintentional disclosure by the producing party of confidential information without designating the same shall not be deemed a waiver in whole or in part of such party's claim of confidentiality, and such designation may be made after the discovery of the inadvertent production or disclosure.

13

Thereafter, such confidential information shall be considered as having been designated as

"Confidential" or "Highly Confidential, Outside Counsel Eyes Only," as appropriate, and shall

be deemed to be subject to the terms of this Order.

14.     Should any document or information designated as "Confidential" or

"Highly Confidential, Outside Counsel Eyes Only" hereunder be disclosed through inadvertence

to any person or party not entitled to receive the same hereunder, then the parties intend to have

such person be automatically bound by this Order, and such person shall be informed promptly

of the provisions of this Order by the receiving party and shall sign an Acknowledgement in

accordance with paragraph 8 above.  The parties shall exercise all reasonable efforts to retrieve

any such information disclosed to persons not authorized to receive the information under this

Order.

15.     The inadvertent production or disclosure of any document or thing

otherwise protected by the attorney-client privilege or work-product immunity shall not operate

as a waiver of any such privilege or immunity if, after learning that the inadvertent production or

disclosure was made, the party who made the inadvertent production or disclosure sends to each

receiving party a written request for return of the inadvertently produced or disclosed document

or thing.  [Plaintiffs' proposal:  Within five (5) days of receiving such a request, the receiving

party shall return to the producing party the original and all copies of such documents and things

identified by the producing party as being privileged or work-product and as having been

inadvertently produced.]  [Defendants' proposal:  Within five (5) days of receiving such a

request, the receiving party shall return to the producing party the original and all copies of such

documents and things identified by the producing party as being privileged or work-product and

as having been inadvertently produced, provided that, at the time such a written request is

14

received, the document or thing has not been cited as evidence or otherwise relied on by the receiving party in any documents served on the producing party and/or filed with the Court. If, at the time the request is received, the document or thing had been cited as evidence or otherwise relied on by the receiving party, then the receiving party may retain one copy of any such document or thing solely for the purpose of disputing that such document or thing is protected by the attorney-client privilege or by work-product immunity, but will return the original and all other copies to the producing party.]

    a.    If the receiving party disputes that any such document or thing was inadvertently produced or is protected by the attorney-client privilege or by work-product immunity, the receiving party shall so notify the producing party in writing when the document or thing is returned to the producing party.

    b.    Within ten (10) business days after receiving such notification, the producing party shall provide to the receiving party a list identifying all such returned documents and things and stating the basis for the claim of privilege or immunity.

    c.    Counsel shall endeavor in good faith to resolve any disputes over any claimed privileges or immunities before presenting the matter to the Court for resolution. If the parties are unable to resolve the disputes, the receiving party may move the Court to compel the production of the returned documents. RGA [Plaintiffs' proposal: The receiving party, however, shall not use or otherwise refer to the substance of the document in its motion.] RGA [Defendants' proposal: The parties agree that any motions to

compel and the related briefs will be filed under seal.]  The producing party shall have the burden of proving that the documents in dispute are protected by the applicable attorney-client privilege or work-product immunity.

d.   The disposition of documents containing information derived from such inadvertently produced documents shall be addressed on a case-by-case basis by agreement of counsel or by order of the Court.

e.   [Plaintiffs' proposal: In the event that the receiving party discovers material it knows or reasonably should know to be inadvertently or unintentionally produced or disclosed information that is protected by the attorney-client privilege or work-product immunity before it has been notified by the producing party, the receiving party must promptly notify, in writing, the producing party of the inadvertent or unintentional disclosure.]

16.   Notwithstanding this Order, a party may disclose (a) its own "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" material to non-parties as it sees fit; (b) another party's "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" matter to any officer, director, employee, attorney or agent of that other party, or to any former officer, director, employee, attorney or agent of that other party, provided that the document or thing includes indicia that the former officer, director, employee, attorney or agent had received it, or if the producing party or outside counsel to the producing party permits such disclosure; or (c) a nonparty's "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" material as produced by that nonparty to any employee of that nonparty, provided that the document or thing

16

includes indicia that the nonparty employee had received it, or if the nonparty or outside counsel to the nonparty party permits such disclosure.

17. The confidentiality obligations of this Order shall not apply or shall cease to apply to any information that, upon agreement by the parties, by order of the Court, or upon good cause shown:

    a.    at the time of disclosure hereunder, was already in the public domain by publication or otherwise;

    b.    since the time of disclosure hereunder, has become, through no act or failure on the part of the receiving party, part of the public domain by publication;

    c.    at the time of disclosure hereunder, was already lawfully in the possession of the receiving party and was not acquired directly or indirectly from the producing party or from any nonparty under obligation of confidence to the producing party;

    d.    after disclosure hereunder, was acquired by the receiving party from a nonparty lawfully possessing the same and having no obligation to the producing party hereunder;

    e.    the producing party agrees may be disclosed to a nonparty under no obligation of confidentiality; or

    f.    after disclosure hereunder, was developed by the receiving party independently of any "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" information from the producing party.

MEl 13080449v.1

18.     Nothing in this Order shall be construed to require production of "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" information deemed by counsel possessing such information to be privileged or otherwise protected from discovery. The entry of this Order shall not constitute a waiver by the parties of any objections to disclosure and/or production of any information during discovery.

19.     If discovery in this case calls for the production of information the disclosure of which would breach an express or implied agreement by that party with a nonparty to maintain such information in confidence, the party requested to produce the information shall first give written notice to the nonparty with a copy of this Order. When such written notice is given to the nonparty, the party requested to produce the information will advise the other parties to this case that such notice has been given. If the nonparty consents to the production, the requested information shall be produced in accordance with this Order. If the nonparty objects to the production of such information, the party requested to produce shall not produce the information without an order from the Court directing it to do so. If a party seeks discovery from a nonparty, either the nonparty or the parties may invoke the terms of this Order with respect to any confidential information provided by the nonparty to the parties by so advising all parties to this case in writing. Any such nonparty shall have standing to appear in this case to file motions and oppose motions, as necessary, to protect such nonparty's rights in its confidential information.

20.     If, in responding to a discovery request, subpoena, other legal process or otherwise, a third party discloses "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" information belonging to or owned by a party, the information disclosed by the third party shall be accorded the same protection as if it were received from a producing party under this

18

ME1 13080449v.1

Protective Order. In such an event, a party, in good faith believing the information disclosed to be its "Confidential or Highly Confidential, Outside Counsel Eyes Only" information, may designate such information pursuant to this Protective Order. Likewise, a third party disclosing its own or a party's "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" information may do so under the terms of this Protective Order if the third party first agrees in writing to the terms of this Protective Order, and, thereafter, the information disclosed by the third party shall be accorded the same protection as if it were received from a producing party under this Protective Order. Any party subject to this Protective Order may object to the designation of information received from third parties under the provisions contained in Paragraph 12 of this Protective Order.

21.     The parties agree to exclude from discovery all draft expert reports, expert notes, and communications between Counsel and experts relating to the Actions. The parties and their testifying experts must otherwise comply with the disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(2).

22.     In the event that a new party is added, substituted or brought into the consolidated Actions, or in the event that new or substitute counsel is retained by a party, this Protective Order shall be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of the Protective Order.

23.     At the conclusion of this case, including any appeals, the originals of all produced documents or things designated "Confidential" or "Highly Confidential, Outside Counsel Eyes Only," and all photocopies thereof (including those provided to outside experts and other third parties), but excluding those provided to the Court, shall, within sixty (60) days of a written request, be returned to the producing party (or destroyed, at the election of the

19

producing party), except that neither the parties nor the Court shall be obliged to return or

destroy any production documents or production things (or any photocopies thereof) that were

admitted into evidence at trial or any hearing; incorporated (as an exhibit, appendix, or

otherwise) as part of a document filed with or submitted to the Court; or incorporated (as an

exhibit, appendix, or otherwise) as part of an expert report.

     24.    The terms of this Order shall survive the final termination of this case to

the extent that any "Confidential" or "Highly Confidential, Outside Counsel Eyes Only"

information is not or does not become known to the public.

     25.    This Order shall be binding upon the parties hereto, upon their attorneys,

and upon the parties' and their attorneys' successors, executors, personal representatives,

administrators, heirs, legal representatives, assigns, subsidiaries, divisions, officers, directors,

employees, agents, and independent contractors, and other persons or organizations over which

they have control.

     26.    Nothing in this Order shall bar or otherwise restrict any attorney herein

from rendering advice to the attorney's party-client with respect to this case, and in the course

thereof, relying upon an examination of "Confidential" or "Highly Confidential, Outside Counsel

Eyes Only" information; provided, however, that in rendering such advice and in otherwise

communicating with the party client, the attorney shall not disclose any "Confidential" or

"Highly Confidential, Outside Counsel Eyes Only" information nor the source of any

"Confidential" or "Highly Confidential, Outside Counsel Eyes Only" information to anyone not

authorized to receive such information pursuant to the terms of this Order.

MEI 13080449v.1

27.     Any party may retrieve and refile under seal any document containing "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" information that was filed with the Court prior to entry of this Order.

28.     This Order is not intended to govern the use of "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" information at the trial of this case.  Procedures governing the use of "Confidential" or "Highly Confidential, Outside Counsel Eyes Only" information at trial will, if necessary, be established by separate order, pursuant to application to the Court by one or more of the parties.

29.     This Order may be changed by further order of the Court, and is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

29.     Until such time as this Order has been entered by the Court, the parties agree that, upon execution by the parties, it will be treated as though it had been "So Ordered."

30.     The Court retains jurisdiction even after the termination of the Actions to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may deem appropriate.

SO ORDERED this  12th  day of  March  , 2012.

_Richard G. Andrews_
~~Sue L. Robinson~~  Richard G. Andrews
United States District Judge

ME1 13080449v.1

**SO STIPULATED:**

March 2, 2012

/s/ Daniel M. Silver
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
*mkelly@mccarter.com*
*dsilver@mccarter.com*

Attorneys for Plaintiffs
Novartis Pharmaceuticals Corporation,
Novartis AG,
Novartis Pharma AG,
Novartis International Pharmaceutical Ltd. and
LTS Lohmann Therapie Systeme AG

Of Counsel:

Nicholas N. Kallas
Filko Prugo
FITZPATRICK, CELLA, HARPER
   & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
*nkallas@fchs.com*
*fprugo@fchs.com*

March 2, 2012

/s/ Dominick T. Gattuso
Dominick T. Gattuso (#3630)
PROCTOR HEYMAN, LLP
300 Delaware Ave., Suite 200
Wilmington, DE 19801
*dgattuso@proctorheyman.com*

Attorneys for Defendants
Actavis South Atlantic LLC and Actavis, Inc.

Of Counsel:

Stephen Hash
Erin Ator Thomson
Andrea Houston
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746
*shash@velaw.com*
*ethomson@velaw.com*
*ahouston@velaw.com*

22

March 2, 2012

/s/ Erika R. Caesar
Melanie K. Sharp (#2501)
Erika R. Caesar (#5143)
YOUNG CONAWAY STARGATT
     & TAYLOR
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19801
*msharp@ycst.com*
*ecaesar@ycst.com*

Attorneys for Defendants
Watson Laboratories, Inc.,
Watson Pharma, Inc. and
Watson Pharmaceuticals Inc.

Of Counsel:

E. Anthony Figg
Joseph A. Hynds
C. Nichole Gifford
ROTHWELL, FIGG, ERNST
     & MANBECK
1425 K Street, NW, Suite 800
Washington, DC 20005
*efigg@rfem.com*
*ngifford@rfem.com*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | X | |
| NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS AG, NOVARTIS PHARMA AG, NOVARTIS INTERNATIONAL PHARMACEUTICAL LTD. and LTS LOHMANN THERAPIE-SYSTEME AG, | : : : : : : : | |
| Plaintiffs, | : : | Case No. 1:11-cv-01077-SLR |
| v. | : : | |
| ACTAVIS SOUTH ATLANTIC LLC and ACTAVIS, INC., | : : | |
| Defendants. | : : : | |
| NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS AG, NOVARTIS PHARMA AG, NOVARTIS INTERNATIONAL PHARMACEUTICAL LTD. and LTS LOHMANN THERAPIE-SYSTEME AG, | : : : : : : : | |
| Plaintiffs, | : : | Case No. 1:11-cv-01112-SLR |
| v. | : : | |
| WATSON LABORATORIES, INC., WATSON PHARMA, INC., and WATSON PHARMACEUTICALS, INC., | : : | |
| Defendants. | : : | |
| | X | |

**ATTACHMENT A**

**Acknowledgement To Be Bound By Stipulated Protective Order**

1

I, _____, being duly sworn, state that:

(a) My present residential address is _____.

(b) My present employer is _____

and the address of my present employer is _____.

(c) My present occupation or job description is _____.

I have read a copy of the Stipulated Protective Order entered in this case.  During my participation in this case, I may read or hear information designated "Confidential" or "Highly Confidential, Outside Counsel Eyes Only."  I agree not to disclose such confidential information to any person not entitled to receive disclosure of such confidential information under the Order; not to use such confidential information for purposes beyond my participation in this case; and to abide by the Order in every respect.

Signed:  _____        Dated:  _____

SUBSCRIBED and SWORN to before me this

_____ day of _____, _____

_____
Notary Public

My commission expires: _____

MEI 13080449v.1