IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORP., et al., <br> Plaintiffs, <br><br> v. <br><br> WATSON LABORATORIES, INC., et al., <br> Defendants. | : <br> : <br> : <br> : <br> : Civil Action No. 11-1077-RGA <br> : <br> : <br> : <br> : |

## ORDER

Before the Court are the parties' letters regarding Defendants' request for a ruling that Plaintiffs must produce documents that describe all of Plaintiffs' testing of Watson's ANDA product. (D.I. 176, 181). The Court understands that Plaintiffs may have documents relating both to the work of testifying experts (which is not the subject of the dispute) and documents relating to the work of other non-testifying experts (which is the subject of the dispute. The Court further notes, and **ORDERS**, as follows:

1. The parties agree that Plaintiffs must produce all of the testing documents on which Plaintiffs' testifying experts intend to rely to support Plaintiffs' contention that Watson's ANDA product contains an antioxidant (BHT). (D.I. 181 at 1). The parties also agree that the testing is work product. (D.I. 176). The testing is therefore not discoverable absent a showing of substantial need, undue hardship, or inability to obtain their equivalent by other means. *See* FED. R. CIV. P. 26(b)(3). Watson does not argue any of these prongs, but rather, argues general unfairness and that Plaintiffs waived work product protection over all of the testing by relying on, and disclosing to Watson, some of the testing. (D.I. 176).

1

2. Fairness requires only that Watson have access to the testing Plaintiffs rely on to support their infringement claims. *See Tillotson Corp. v. Shijiazhaung Hongray Plastic Prods., Ltd.*, 244 F.R.D. 683, 693 (N.D. Ga. 2007). Watson has not convinced the Court that Plaintiffs' disclosure of the testing Plaintiffs intend to rely on waives their work product protections over other testing that Plaintiffs will not use. It appears Plaintiffs have only put at issue the testing they intend to rely on, and they have agreed to produce all such testing. *See id.; 3M Co. v. Kerr Corp.*, 2007 WL 5462430, *2 (W.D. Wis. Mar. 12, 2007). Defendants' request is therefore **DENIED**.

Entered this 21st day of November, 2012.

*[signature]*

United States District Judge