IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOVARTIS PHARMACEUTICALS )
CORPORATION, NOVARTIS AG, NOVARTIS )
PHARMA AG, NOVARTIS INTERNATIONAL )
PHARMACEUTICALS LTD, and LTS )
LOHMANN THERAPIE-SYSTEME AG, )          C. A. No.:  11-1077-RGA
                                    )   CONSOLIDATED
            Plaintiffs,             )
                                    )
v.                                  )
                                    )
PAR PHARMACEUTICAL, INC.,           )
                                    )
            Defendant.              )

NOVARTIS PHARMACEUTICALS )
CORPORATION, NOVARTIS AG, NOVARTIS )
PHARMA AG, NOVARTIS INTERNATIONAL )
PHARMACEUTICALS LTD, and LTS )
LOHMANN THERAPIE-SYSTEME AG, )
                                    )   C. A. No.:  11-1112-RGA
            Plaintiffs,             )
                                    )
v.                                  )   REDACTED - PUBLIC VERSION
                                    )
WATSON LABORATORIES, INC., WATSON )
PHARMA, INC., and WATSON )
PHARMACEUTICALS, INC.,              )
                                    )
            Defendants.             )

## WATSON DEFENDANTS' MOTION TO REDACT TRIAL TRANSCRIPTS

Defendants, Watson Laboratories, Inc., Watson Pharma, Inc., and Actavis, Inc.

(collectively "Watson" or "Defendants"), by and through their undersigned counsel, pursuant to

Rule 5.2 of the Federal Rules of Civil Procedure and this Court's policy on the electronic

availability of transcripts of court proceedings, hereby move to redact certain portions from the

transcripts of the trial held from August 26, 2013 through August 30, 2013 in the above-

captioned case.  (D.I. 306, 307, 308 and 309).  On September 30, 2013, Watson filed their Notice

of Intent to Redact the trial transcripts.  (D.I. 312).  Defendants' proposed redactions are attached

hereto as Exhibit A.  An unredacted copy of the trial transcripts is attached hereto as Exhibit B

and has also been filed under seal.

    The redactions proposed by Defendants relate to two categories of information: (1) the

highly confidential and proprietary trade secret information relating to the composition and the

manufacturing process of Watson's rivastigmine transdermal systems ("Watson's ANDA

product"); and (2) the proprietary and trade secret information relating to the composition of

third party products, specifically the third party products manufactured by ███████ Information

related to the first category is designated in green highlighting and information related to the

second category is designated in yellow highlighting in the attached Exhibit A.

    As indicated at the beginning of trial, Watson put significant effort into the development

of its ANDA product over a period of multiple years and considers the composition of its ANDA

product and the manufacturing process of its ANDA product to be a trade secret.  (D.I. 306 at

18:15-19).  Releasing information pertaining to Watson's ANDA product to the public would

provide Watson's competitors with unfettered access to Watson's proprietary information.  Such

access would be of particular harm in this instance since Watson understands that several other

competitors are attempting to enter the market for rivastigmine transdermal systems.  By

permitting competitors to access this information, competitors could potentially use Watson's

proprietary information to develop their own rivastigmine transdermal systems.

    With respect to the ██████ information, ██████ has represented to this Court that the

compositions of its ██████ line of products are highly confidential, constitute proprietary

business information and are trade secrets.  *See* Letter from ████████████ to Judge

Andrews dated August 23, 2013 (Exhibit C).  Accordingly, Watson believes that this information

should be afforded the same protection as Watson's proprietary information.

At the beginning of trial, the protection afforded to Watson and ▆▆▆▆ proprietary

information was discussed, and the Court agreed that Watson could redact this information. (D.I.

306 at 20:7-9; 21:17-22).  Further, the redactions proposed by Watson are consistent with Third

Circuit precedent.  While Watson recognizes that the public has a common law right of access to

judicial records, this access is not absolute. *See, e.g., Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-

78 (3d Cir. 1988).  Redaction of a judicial transcript is appropriate where "good cause" is

demonstrated. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).  Good

cause typically exists where the redacted information relates to "trade secrets or confidential

technologies." *See Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507-08 (D. Del. 2012)

*citing Joint Stock Soc'y v. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 395 (D. Del. 2000).

Additionally, redactions are appropriate where the source of information might harm a party's

competitive standing. *See Littlejohn*, 851 F.2d at 678.

The Watson and ▆▆▆▆ information that Watson seeks to redact relates to trade secrets

and confidential technical information.  More specifically, the information relates to trade secrets

relating to the composition of Watson's ANDA product and the manufacturing process of

Watson's ANDA product.  Additional information relates to the trade secret compositions of

▆▆▆▆▆▆▆▆▆▆ products.  Thus, the information that Watson seeks to redact is of the class

of information typically redacted as noted by this Court in *Mosaid Technologies Inc. Mosaid

Techs. Inc.*, 878 F. Supp. 2d at 507-08.  Further, release of information relating to Watson's

ANDA product to the public would harm Watson's competitive standing, as competitors would

be permitted access to Watson's proprietary information.  Therefore, the proposed redactions are

further appropriate as a means of protecting Watson's competitive standing. *See Littlejohn*, 851

F.2d at 678.  In view of the above, Watson respectfully submits that the redactions to the trial

transcripts as proposed in Exhibit A are appropriate.

     Pursuant to Local Rule 7.1.1, counsel avers that a reasonable effort has been made to

reach agreement with the opposing party on the matters set forth in this motion, but that no

agreement could be reached.

 

                   YOUNG CONAWAY STARGATT & TAYLOR, LLP

                   */s/ Robert M. Vrana*

                   Melanie K. Sharp (No. 2501)
                   James L. Higgins (No. 5021)
                   Robert M. Vrana (No. 5666)
                   Rodney Square
                   1000 North King Street
                   Wilmington, DE  19801
                   P.O. Box 391
                   Wilmington, DE 19899-0391
                   (302) 571-6681
                   msharp@ycst.com

                   ROTHWELL, FIGG, ERNST & MANBECK, P.C.
                   E. Anthony Figg
                   C. Nichole Gifford
                   Seth E. Cockrum
                   Brett A. Postal
                   607 14th Street, N.W., Suite 800
                   Washington, DC  20005
                   (202) 783-6040
                   efigg@rfem.com
                   ngifford@rfem.com
                   scockrum@rfem.com
                   bpostal@rfem.com

                   *Attorneys for Defendants Watson Laboratories, Inc., Actavis
                   Pharma, Inc. (f/k/a Watson Pharma, Inc.), and Actavis, Inc. (f/k/a
                   Watson Pharmaceuticals, Inc.)*

Dated:  October 15, 2013

01:14232611.1

4

Exhibit A is redacted
in its entirety

Exhibit B is redacted
in its entirety