# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------- X

NOVARTIS PHARMACEUTICALS : 
CORPORATION, NOVARTIS AG, : 
NOVARTIS PHARMA AG, NOVARTIS : 
INTERNATIONAL PHARMACEUTICAL : 
LTD. and LTS LOHMANN THERAPIE- : 
SYSTEME AG, :                                                    Case No. 1:11-cv-01077-RGA
                                    :                                                    Case No. 1:13-cv-01467-RGA
                   Plaintiffs, :

                v. :

PAR PHARMACEUTICAL, INC., :

                  Defendant. :                                                    PUBLIC VERSION:
                                    :                                                    DATE FILED: April 21, 2014

------------------------------------------------- X

## PROPOSED JOINT PRETRIAL ORDER

Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
*mkelly@mccarter.com*
*dsilver@mccarter.com*

Of Counsel:

Nicholas N. Kallas
Charlotte Jacobsen
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2100

Steven J. Fineman (#4025)
Katharine C. Lester (#5629)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
*fineman@rlf.com*
*lester@rlf.com*

Of Counsel:

Daniel G. Brown
Gina R. Gencarelli
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
(212) 906-1200

Roger Chin
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
(415) 391-0600

Jennifer Koh
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
(858) 523-5400

*Attorneys for Plaintiffs*

**Dated: April 16, 2014**

*Attorneys for Defendant*

# TABLE OF CONTENTS

I.      Nature Of The Case And Pleadings ................................................................. 1

    A.      Civil Action No. 11-1077-RGA ................................................................. 2

    B.      Civil Action No. 13-1467-RGA ................................................................. 4

    C.      The Consolidated Action ........................................................................ 5

II.     Jurisdiction ....................................................................................................... 7

III.    Admitted Facts .................................................................................................. 8

IV.     Disputed Facts ................................................................................................. 8

V.      Issues Of Law ................................................................................................... 8

VI.     Exhibits ............................................................................................................ 9

VII.    Witnesses ....................................................................................................... 13

VIII.   Brief Statement Of Intended Proofs ............................................................... 14

IX.     In Limine Motions ........................................................................................... 14

X.      Certification Of Settlement Discussions ......................................................... 15

XI.     Miscellaneous Issues ..................................................................................... 15

    A.      Proposed Amendments Of The Pleadings ............................................. 15

    B.      Damages ................................................................................................ 17

    C.      Expected Duration And Scope Of Trial .................................................. 17

    D.      Type Of Trial .......................................................................................... 18

    E.      Order Of Proof ....................................................................................... 18

XII.    Order To Control Course Of Action ................................................................ 18

# I. **Nature Of The Case And Pleadings**

1.      This is a consolidated patent infringement case arising under the patent laws of the United States, Title 35, Section 271, based on Defendant's filing of an Abbreviated New Drug Application ("ANDA") with the Food and Drug Administration ("FDA") seeking to commercially manufacture, use and sell generic rivastigmine transdermal systems (4.6 mg/24 hr, 9.5 mg/24 hr and 13.3 mg/24 hr dosage strengths) (the "ANDA Products").

2.      Plaintiffs are Novartis Pharmaceuticals Corporation ("NPC"), Novartis AG, Novartis Pharma AG and Novartis International Pharmaceutical Ltd. (collectively, "Novartis") and LTS Lohmann Therapie-Systeme AG ("LTS") (together with Novartis, "Plaintiffs").  Plaintiffs are represented by Daniel Silver of McCarter & English LLP and Nicholas N. Kallas, Charlotte Jacobsen and Dominick Conde of Fitzpatrick, Cella, Harper & Scinto.

3.      LTS makes and NPC sells in the United States Exelon® Patch (4.6 mg/24 hr, 9.5 mg/24 hr and 13.3 mg/24 hr dosage strengths), a transdermal patch drug product approved by the FDA for the treatment of dementia associated with Alzheimer's and Parkinson's diseases.

4.      Plaintiffs listed United States Patents Nos. 6,316,023 ("'023 patent") and 6,335,031 ("'031 patent"), which are jointly owned by Novartis AG and LTS, in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for the Exelon® Patch.

5.      Defendant is Par Pharmaceutical, Inc. ("Par").[1]  Par is represented by Steven J. Fineman and Katharine Lester of Richards, Layton & Finger, P.A. and Daniel G.

---

[1] Par's predecessors in Civil Action No. 11-1077-RGA are Actavis, Inc. and Actavis South Atlantic LLC (jointly "Actavis").  In Fall 2012, Par acquired from Actavis all right, title and interest to ANDA No. 202339.  As a result, Par was substituted for Actavis in Civil Action No. 11-1077-RGA on January 8, 2013.  (C.A. No. 11-1077-RGA, D.I. 196.)

ME1 17634185v.1

Brown, Roger Chin, Jennifer Koh, Gina R. Gencarelli, and Michelle Ma of Latham & Watkins LLP.

A.     **Civil Action No. 11-1077-RGA**

6.      Par filed an Abbreviated New Drug Application ("ANDA") with the FDA, seeking approval to make and sell a rivastigmine transdermal system in 4.6 mg/24 hr and 9.5 mg/24 hr dosage strengths.

7.      On or about September 21, 2011, Plaintiffs received a Paragraph IV letter, notifying Plaintiffs that Par's predecessors had submitted an ANDA to the FDA seeking approval to make and sell Par's 4.6 mg/24 hr and 9.5 mg/24 hr dosage strength ANDA Products, and advising Plaintiffs that the ANDA included Paragraph IV certifications for the '031 and '023 patents.[2]

8.      On November 3, 2011, Plaintiffs filed a Complaint alleging that the filing of the ANDA by Par's predecessors for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Par's 4.6 mg/24 hr and 9.5 mg/24 hr dosage strength ANDA Products) prior to the expiration of the '031 and '023 patents constituted an act of infringement.  (C.A. No. 11-1077-RGA, D.I. 1.)

9.      On December 1, 2011, Par's predecessors filed their Answer, denying infringement of the '031 and '023 patents and alleging that the claims of the '031 and '023 patents are invalid.  Par's predecessors asserted counterclaims seeking declaratory judgment that the '031 and '023 patents are invalid and would not be infringed by the commercial manufacture,

---

[2] Par's ANDA also included a Paragraph IV certification for U.S. Patent No. 5,602,176 (the "'176 patent"), which was previously asserted in this litigation.  The '176 patent, which expired on February 11, 2014, was dismissed by stipulation after Par's predecessors converted their Paragraph IV certification to a Paragraph III certification.  (C.A. No. 11-1077-RGA, D.I. 81.)

ME1 17634185v.1

use, offer for sale, or sale of Par's 4.6 mg/24 hr and 9.5 mg/24 hr dosage strength ANDA Products. (C.A. No. 11-1077-RGA, D.I. 13.)

10.     On December 22, 2011, Plaintiffs filed their Answer denying Par's predecessors' counterclaims. (C.A. No. 11-1077-RGA, D.I. 19.)

11.     In February 2012, the suit against Par's predecessors was consolidated with a suit against Watson Pharmaceuticals, Inc. (now Actavis, Inc.), Watson Laboratories, Inc. and Watson Pharma, Inc. (now Actavis Pharma, Inc.) (collectively, "Watson Defendants") by the Court under Civil Action No. 11-1077 for all purposes including trial. (C.A. No. 11-1077-RGA, D.I. 37.)

12.     [**Par's position**: Par requested that Plaintiffs agree to enter a final judgment that the submission of Par's ANDA to the FDA did not infringe, and the manufacture, use, sale, offer for sale, and importation into the United States of Par's ANDA Products would not infringe the '023 patent.] [**Plaintiffs' position**: On August 7, 2013, Par requested that Plaintiffs agree to "enter a final judgment that Par did not infringe the '023 patent" in Civil Action No. 11-1077-RGA concerning Par's 4.6 mg/24 hr and 9.5 mg/24 hr dosage strength ANDA Products.]

13.     On August 19, 2013, Plaintiffs provided Par with a covenant not to sue, assert any claim of infringement of, or otherwise enforce or attempt to enforce the '023 patent against Par based upon the submission of Par's ANDA to the FDA, or upon the manufacture, use, sale, offer for sale, or importation into the United States of Par's 4.6 mg/24 hr and 9.5 mg/24 hr dosage strength ANDA Products.

14.     On August 26, 2013, the suit against Par was stayed pursuant to a stipulation submitted by the parties and approved by the Court. (C.A. No. 11-1077-RGA, D.I.

293.)  Trial proceeded between Plaintiffs and the Watson Defendants from August 26 to 29,

2013 ("the August trial") on the issue of validity of the '031 and '023 patents under 35 U.S.C. §

103, and infringement by the Watson Defendants' ANDA products.

       15.     Plaintiffs and Par were unable to reach a settlement agreement.  A trial

between Plaintiffs and Par was re-scheduled for May 1-2, 2014.  (Oral Order, Jan. 27, 2014.)

      **B.**      **<u>Civil Action No. 13-1467-RGA</u>**

       16.     On or about July 12, 2013, Plaintiffs received a Paragraph IV letter,

notifying Plaintiffs that Par had submitted an amendment to its ANDA to the FDA seeking

approval to make and sell Par's 13.3 mg/24 hr dosage strength ANDA Product, and advising

Plaintiffs that the ANDA included Paragraph IV certifications for the '031 and '023 patents.

       17.     On August 22, 2013, Plaintiffs filed a Complaint alleging that Par's filing

of its ANDA for the purpose of obtaining approval to engage in the commercial manufacture,

use, or sale of Par's 13.3 mg/24 hr dosage strength ANDA Product prior to the expiration of the

'031 patent constituted an act of infringement.  (C.A. No. 13-1467, D.I. 1.)  Plaintiffs did not

allege that Par's filing of an amendment to its ANDA seeking approval to make and sell Par's

13.3 mg/24 hr dosage strength ANDA Product infringed the '023 patent.  (*Id*.)

       18.     On November 18, 2013, Par filed its Answer, denying infringement of the

'031 patent and alleging that the claims of the '031 patent are invalid.  Par asserted

counterclaims seeking declaratory judgment that the '031 patent is invalid and would not be

infringed by the commercial manufacture, use, offer for sale, or sale of Par's 13.3 mg/24 hr

dosage strength ANDA Product.  (C.A. No. 13-1467, D.I. 16.)  Par did not counterclaim for

declaratory judgment that the '023 patent is invalid and would not be infringed by the

commercial manufacture, use, offer for sale, or sale of Par's 13.3 mg/24 hr dosage strength

ANDA Product.  (*Id*.)

ME1 17634185v.1

19.    On December 9, 2013, Plaintiffs filed their Answer denying Par's counterclaims. (C.A. No. 13-1467, D.I. 19.)

**C.    The Consolidated Action**

20.    On March 6, 2014, pursuant to the Court's oral order, Civil Action No. 13-1467 was consolidated with Civil Action No. 11-1077 for trial, with respect to all strengths of Par's ANDA Products.

21.    **[Par's position**: In Civil Action No. 11-1077-RGA, Par seeks a declaratory judgment that Par has not directly or indirectly infringed, induced infringement or contributed to the infringement of any valid claim, if any, of the '031 and '023 patent, either literally or under the doctrine of equivalents, and that the '031 and '023 patents are invalid.] **[Plaintiffs' position**: Par's declaratory judgment counterclaims in Civil Action No. 11-1077-RGA are limited to only Par's 4.6 mg/24 hr and 9.5 mg/24 hr dosage strength ANDA Products and do not include Par's amended ANDA No. 202339 or Par's 13.3 mg/24 hr dosage strength ANDA Product.]

22.    In Civil Action No. 13-1467, Par seeks a declaratory judgment that the filing of Par's ANDA No. 202339 for Par's 13.3 mg/24 hr dosage strength ANDA Product did not infringe and the manufacture, use, offer for sale, sale, marketing, distribution, or importation of Par's 13.3 mg/24 hr dosage strength ANDA Product would not infringe any claim of the '031 patent, and that the '031 patent is invalid.

23.    **[Par's position:** Par seeks leave of the Court to amend its counterclaims in Civil Action No. 13-1467 to additionally seek declaratory judgment that the manufacture, use, offer for sale, sale, and importation of Par's 13.3 mg/24 hr dosage strength ANDA Product would not infringe the '023 patent and that the '023 patent is invalid. Par's proposed declaratory judgment counterclaim concerns the same patent and the same product that are already being

ME1 17634185v.1

litigated. Par put Plaintiffs on notice of its allegation that Par's 13.3 mg/24 hr dosage strength ANDA Product does not infringe any claim of the '023 patent in the Rebuttal Expert Report of Graham Buckton, dated March 21, 2014, which is the same as Par's position that its 4.6 mg/24 hr and 9.5 mg/24 hr ANDA products do not infringe any claim of the '023 patent, which Plaintiffs have been aware of since January 25, 2013. Plaintiffs responded to Dr. Buckton's rebuttal report on the 13.3 mg/23 hr ANDA product on March 25, 2014. Plaintiffs have also been on notice of Par's allegation that the '023 patent is invalid since December 1, 2011, when Par's predecessor filed its Answer. Par's testimony and evidence that the '023 patent is invalid was presented at the August 26-29, 2013 trial. The only expert testimony that Par intends to rely upon for its declaratory judgment counterclaim has already been disclosed in prior expert reports. No further fact or expert discovery is necessary with respect to Par's counterclaims regarding the '023 patent in Civil Action No. 13-1467.] **[Plaintiffs' position:** Plaintiffs first learned of Par's intention to seek leave to amend its counterclaims at 12:50 pm EDT, April 15, 2014. Par delayed until the eve of filing the Joint Pretrial Order to notify Plaintiffs of its intention and until a little more than two weeks before trial to seek leave of Court to amend its pleadings. Par has not provided Plaintiffs with its proposed amended pleadings. Moreover, neither party has presented any evidence with respect to the validity of the '023 patent in Civil Action No. 13-1467 (or Civil Action No. 11-1077-RGA[3]), and to require Plaintiffs to address additional arguments in the next two weeks, while preparing for trial on the current issues, would be prejudicial. As the Court may recall from the scheduling conference in C.A. No. 14-111-RGA, Plaintiffs' experts must prepare not only for trial in this case on May 1-2 (on the issues currently in the case), but also

---

[3] [**Plaintiffs' position**: Plaintiffs object to the presentation of any testimony or evidence at trial concerning the alleged invalidity of the '023 patent because none of Par's expert witnesses appearing at trial have opined that the '023 patent is invalid, much less disclosed the bases for such an opinion.]

prepare opening expert reports in the related Alvogen (C.A. No. 13-52-RGA (consolidated)) and Noven (C.A. Nos. 13-527-RGA and 14-111-RGA) cases, which are due May 2, 2014. Par asserts that its proposed declaratory judgment counterclaim concerns the same patent and the same product that are already being litigated. To the contrary, because no declaratory judgment was sought, Plaintiffs experts have addressed neither the validity of the '023 patent nor its infringement by Par's 13.3 mg/24 hr dosage strength ANDA Product. And for the same reason, Plaintiffs took no discovery of Par's experts on these issues. Par's eleventh hour request to amend denies Plaintiffs a fair opportunity to consider with its experts the claims of the '023 patent and its prosecution history to determine which claims it would assert against Par's 13.3 mg/24 hr dosage strength ANDA Product and whether additional validity and infringement arguments are available with respect to the '023 patent. For these reasons, Par has unduly delayed in seeking leave to amend its counterclaims in Civil Action No. 13-1467, and such delay is prejudicial to Plaintiffs. Lastly, Par has not shown good cause for amending its pleadings. Accordingly, Par should not be granted leave to amend. If Par is granted leave to amend its pleadings in Civil Action No. 13-1467, Plaintiffs respectfully request that trial be adjourned to allow supplemental expert discovery with respect to Par's new counterclaims.]

24.    All issues concerning issues of willfulness and exceptional case have been bifurcated. (Civil Action No. 11-1077, D.I. 35.)

## II.    Jurisdiction

25.    This action arises under the patent laws of the United States. This Court has jurisdiction over the '031 patent with respect to Par's 4.6 mg/24 hr, 9.5 mg/24 hr, and 13.3 mg/24 hr dosage strength ANDA Products under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

26.    Plaintiffs do not dispute that the Court currently has jurisdiction over the '023 patent with respect to Par's 4.6 mg/24 hr and 9.5 mg/24 hr dosage strength ANDA Products

in Civil Action No. 11-1077 under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.  If Par's 4.6 mg/24 hr and 9.5 mg/24 hr dosage strength ANDA Products are found not to infringe the asserted claim of the '031 patent, Plaintiffs will consent to a judgment that Par's 4.6 mg/24 hr and 9.5 mg/24 hr dosage strength ANDA Products do not infringe the '023 patent.

27.    **[Par's position:** Par seeks a declaratory judgment that Par's 13.3 mg/24 hr dosage strength ANDA product does not infringe the '023 patent and that the '023 patent is invalid.  The Court has jurisdiction over the '023 patent with respect to Par's 13.3 mg/24 hr dosage strength ANDA Products in Civil Action No. 13-1467 under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.]  **[Plaintiffs' position:** The Court does not have subject matter jurisdiction over the '023 patent with respect to Par's 13.3 mg/24 hr dosage strength ANDA Product because Plaintiffs' Complaint in Civil Action No. 13-1467 does not allege that Par's 13.3 mg/24 hr dosage strength ANDA Product will infringe the '023 patent (C.A. No. 13-1467, D.I. 1) and Par has not counterclaimed for a declaratory judgment that the '023 patent is invalid or will not be infringed by its 13.3 mg/24 hr dosage strength ANDA Product (C.A. No. 13-1467, D.I. 13).]

## III.    <u>Admitted Facts</u>

28.    The parties stipulate to the facts listed in attached **Exhibit 1**.  These stipulated facts require no proof at trial and will become part of the evidentiary record in this case.

## IV.    <u>Disputed Facts</u>

29.    Plaintiffs' statement of disputed facts is attached at **Exhibit 2**.

30.    Par's statement of disputed facts is attached as **Exhibit 3**.

## V.    <u>Issues Of Law</u>

31.    Plaintiffs' statement of issues of law is attached as **Exhibit 4**.

32.    Par's statement of issues of law is attached as **Exhibit 5**.

## VI. __Exhibits__

33.     The list of exhibits which, subject to continued meeting and conferring in advance of and during trial, may ultimately be offered jointly by Plaintiffs and Par, is attached as **Exhibit 6**.  This list includes the parties' respective objections for the Court's consideration in the event the parties are unable to reach agreement on introducing them jointly.

34.     The list of exhibits which may be offered by Plaintiffs, including Par's objections thereto, is attached as **Exhibit 7**.

35.     The list of exhibits which may be offered by Par, including Plaintiffs' objections thereto, is attached as **Exhibit 8**.

36.     Plaintiffs and Par reserve the right to offer exhibits set forth on the other party's exhibit list, even if not set forth on its own exhibit list.  All objections to such exhibits are preserved, regardless of whether such exhibits also appear on the objecting party's exhibit list.

37.     Except as otherwise set forth herein, any document not listed in Exhibits 6 to 8 above, will be precluded from trial, absent good cause shown.

38.     Any document shall be deemed to be authentic absent a specific objection set forth in an exhibit list challenging that document's authenticity.  Any document that on its face appears to have been authored by an employee, officer, or agent of a party shall be deemed to be *prima facie* authentic, subject to the right of any party against whom such a document is offered to adduce evidence to the contrary or to require that the offering party provide authenticating evidence if the opposing party has a reasonable basis to believe the document is not authentic.

39.     The demonstrative exhibits the parties intend to use at trial do not need to be described on their respective lists of trial exhibits.

ME1 17634185v.1

40.     Plaintiffs shall be permitted an opening argument at the start of the trial. Par shall be permitted an opening argument following Plaintiffs' opening argument.  There will be no closing arguments unless the Court requests otherwise.  The parties shall exchange by electronic mail and/or electronic media (for large exhibits and any videos or animations to be offered) lists of any exhibits and copies of any demonstrative exhibits (except for demonstrative exhibits that will be created live in the courtroom) that each party intends to use in its opening argument by 2:30 PM EDT on April 29, 2014.

41.     The party that bears the burden of proof on an issue at trial shall produce to the opposing party by electronic mail and/or electronic media (for large exhibits and any videos or animations to be offered) the following materials with respect to that issue by [**Plaintiffs' proposal**: 5:00PM EDT; **Par's proposal**: 7:00PM EDT, as agreed in the prior Pretrial Order , D.I. 269] two calendar days before such materials are to be used at trial:

a.     A list of the witnesses that the party will call to testify live or by deposition on that day, in the order that they will be called;

b.     A list of the exhibits that the party will use during the direct examination of each witness identified by exhibit number;

c.     A copy of each demonstrative exhibit that the party will use during the direct examination of each witness (except for demonstrative exhibits that will be created live in the courtroom);

d.     A list of the specific deposition designations, by line and page number, of each deposition transcript that the party

will use that day, including an identification of whether the

designations will be played by video or read into the

record; and

     e.     A good faith estimate of when the party intends to conclude

its case-in-chief.

A party in receipt of the above materials shall inform the producing party of any objections to

those materials and provide any deposition counter-designations by [**Plaintiffs' proposal**:

5:00PM EDT; **Par's proposal**: 7:00PM EDT, as agreed in the prior Pretrial Order , D.I. 269] one

calendar day before such materials are to be used at trial.  The parties shall meet and confer to

resolve those objections before trial resumes on the following day.

     42.     The party that must rebut an issue at trial shall produce to the opposing

party by electronic mail and/or electronic media (for large exhibits and any videos or animations

to be offered) the following materials with respect to that issue by [**Plaintiffs' proposal**: 5:00PM

EDT; **Par's proposal**: 7:00PM EDT, as agreed in the prior Pretrial Order , D.I. 269] one

calendar day before such materials are to be used at trial:

     a.     A list of the rebuttal witnesses that the party will call to

testify live or by deposition on that day, in the order that

they will be called;

     b.     A list of the exhibits that the party will use during the direct

examination of each rebuttal witness identified by exhibit

number;

     c.      A copy of each demonstrative exhibit that the party will

use during the direct examination of each rebuttal witness

(except for demonstrative exhibits that will be created live
in the courtroom); and

    d.    A list of the specific rebuttal deposition designations, by
line and page number, of each deposition transcript that the
party will use that day, including an identification of
whether the designations will be played by video, or read
into the record.

A party in receipt of the above materials shall inform the producing party of any objections to those materials and provide any deposition counter-designations by [**Plaintiffs' proposal**: 7:00PM EDT; **Par's proposal**: 9:00PM EDT, as agreed in the prior Pretrial Order , D.I. 269] one calendar day before such materials are to be used at trial.  The parties shall meet and confer to resolve those objections before trial resumes on the following day.

    43.    Each demonstrative exhibit shall disclose to the other parties on the face of the demonstrative exhibit all trial exhibits that form the basis of the demonstrative exhibit.

    44.    Demonstratives to be used on cross-examination are not required to be provided to the other side in advance.  For the avoidance of doubt, ballooning, blow-ups, excerpting or highlighting of exhibits or parts of exhibits that do not change, characterize or add anything to the exhibit are not required to be provided to the other side in advance of their use, but ballooning, blow-ups, excerpting or highlighting of exhibits or parts of exhibits that add substantive titles, comments or otherwise characterize or change the exhibit are considered to be demonstratives and are required to be provided to the other side in advance of their use in accordance with paragraphs 41 and 42 above.

45.     Legible copies of documents may be offered and received in evidence to the same extent as an original.

46.     The parties agree that exhibits to be used solely for impeachment or cross-examination need not be included on the lists of trial exhibits or disclosed in advance of being used or offered at trial.  The parties agree that exhibits used for cross-examination and/or impeachment may only be admitted into evidence subject to the Federal Rules of Evidence or other applicable principles of law.  To be admitted into evidence, exhibits used for cross-examination and/or impeachment must also be identified in advance pursuant to paragraphs 41 and 42 above and disclosed by 5:30 PM EDT the day before they are used.

## VII.     Witnesses

47.     Plaintiffs' list of witnesses they may call at trial and deposition designations, along with Par's objections thereto and counter-designations, are attached as **Exhibits 9a-b**.

48.     Par's list of witnesses they may call at trial and deposition designations, along with Plaintiffs' objections thereto and counter-designations, are attached as **Exhibit 10**.

49.     Any witness not listed in Exhibits 9 to 10 above will be precluded from trial absent good cause shown.  Such good cause shall include testimony required to authenticate any documents subject to an authenticity objection.

50.     For good cause shown, limited supplementation of deposition designations will be permitted through the close of trial unless the opposing party will be unfairly prejudiced by such supplementation.  The opposing party shall have the right to counter-designate. Supplementation to designate testimony for purposes of identification or authentication of a document shall satisfy the requirement of good cause.

51.     To the extent that deposition designations or counter-designations are admitted into evidence, they must either be played by video or read in open court.  If a party opts to introduce deposition testimony, any counter-designation of that same witnesses' testimony must be submitted in the same medium, and the testimony designated by both parties will be played or read consecutively in the sequence in which the testimony was originally given at deposition.  To the extent deposition designations are read or played in open court, each party will be charged the time taken to read or play its designations, as measured by the proportion of the number of lines of testimony for its designations to the total number of lines of testimony read or played.

52.     Plaintiffs and Par each reserve the right to offer deposition testimony designated by any other party (whether as a designation or a counter-designation) even if not separately listed on its own deposition designation list, subject to evidentiary objections.

53.     Any deposition testimony to be used at trial may be used whether or not the transcripts of such deposition have been signed and filed.

54.     The listing of a deposition designation does not constitute an admission as to the admissibility of the testimony nor is it a waiver of any applicable objection.

**VIII.    Brief Statement Of Intended Proofs**

55.     In support of their claims and in addition to the facts not in dispute, Plaintiffs expect to offer the proofs set forth in **Exhibit 11**.

56.     In support of their claims and in addition to the facts not in dispute, Par expects to offer the proofs set forth in **Exhibit 12**.

**IX.      In Limine Motions**

57.     Plaintiffs' *in limine* motions, along with Par's oppositions thereto, are set forth in **Exhibit 13**.

14

## X.  Certification Of Settlement Discussions

58.  The parties certify that they have engaged in a good faith effort to explore the resolution of the controversy by settlement.  A settlement has not yet been reached.

## XI.  Miscellaneous Issues

### A.  Proposed Amendments Of The Pleadings

59.  **[Par's position:** Par seeks leave of the Court to amend its counterclaims in Civil Action No. 13-1467 to seek declaratory judgment that the manufacture, use, offer for sale, sale, and importation of Par's 13.3 mg/24 hr dosage strength ANDA Product would not infringe the '023 patent and that the '023 patent is invalid.  Par's proposed declaratory judgment counterclaim concerns the same patent and the same product that are already being litigated.  Par put Plaintiffs on notice of its allegation that Par's 13.3 mg/24 hr dosage strength ANDA Product does not infringe any claim of the '023 patent in the Rebuttal Expert Report of Graham Buckton, dated March 21, 2014, which is the same as Par's position that its 4.6 mg/24 hr and 9.5 mg/24 hr ANDA products do not infringe any claim of the '023 patent, which Plaintiffs have been aware of since January 25, 2013.  Plaintiffs responded to Dr. Buckton's rebuttal report on the 13.3 mg/23 hr ANDA product on March 25, 2014.  Plaintiffs have also been on notice of Par's allegation that the '023 patent is invalid since December 1, 2011, when Par's predecessor filed its Answer.  Par's testimony and evidence that the '023 patent is invalid was presented at the August 26-29, 2013 trial.  The only expert testimony that Par intends to rely upon for its declaratory judgment counterclaim has already been disclosed in prior expert reports.  No further fact or expert discovery is necessary with respect to Par's counterclaims regarding the '023 patent in Civil Action No. 13-1467.]  **[Plaintiffs' position:** Plaintiffs first learned of Par's intention to seek leave to amend its counterclaims at 12:50 pm EDT, April 15, 2014.  Par delayed until the eve of filing the Joint Pretrial Order to notify Plaintiffs of its intention and until a little

more than two weeks before trial to seek leave of Court to amend its pleadings. Par has not

provided Plaintiffs with its proposed amended pleadings. Moreover, neither party has presented

any evidence with respect to the validity of the '023 patent in Civil Action No. 13-1467 (or Civil

Action No. 11-1077-RGA), and to require Plaintiffs to address additional arguments in the next

two weeks, while preparing for trial on the current issues, would be prejudicial. As the Court

may recall from the scheduling conference in C.A. No. 14-111-RGA, Plaintiffs' experts must

prepare not only for trial in this case on May 1-2 (on the issues currently in the case), but also

prepare opening expert reports in the related Alvogen (C.A. No. 13-52-RGA (consolidated)) and

Noven (C.A. Nos. 13-527-RGA and 14-111-RGA) cases, which are due May 2, 2014. Par

asserts that its proposed declaratory judgment counterclaim concerns the same patent and the

same product that are already being litigated. To the contrary, because no declaratory judgment

was sought, Plaintiffs experts have addressed neither the validity of the '023 patent nor its

infringement by Par's 13.3 mg/24 hr dosage strength ANDA Product. And for the same reason,

Plaintiffs took no discovery of Par's experts on these issues. Par's eleventh hour request to

amend denies Plaintiffs a fair opportunity to consider with its experts the claims of the '023

patent and its prosecution history to determine which claims it would assert against Par's 13.3

mg/24 hr dosage strength ANDA Product and whether additional validity and infringement

arguments are available with respect to the '023 patent. For these reasons, Par has unduly

delayed in seeking leave to amend its counterclaims in Civil Action No. 13-1467, and such delay

is prejudicial to Plaintiffs. Lastly, Par has not shown good cause for amending its pleadings.

Accordingly, Par should not be granted leave to amend. If Par is granted leave to amend its

pleadings in Civil Action No. 13-1467, Plaintiffs respectfully request that trial be adjourned to

allow supplemental expert discovery with respect to Par's new counterclaims.  There are no other proposed amendments to the pleadings.]

**B.**    **Damages**

60.    The parties do not intend to seek damages at this time, except all parties reserve the right to seek attorneys' fees, costs and expenses pursuant to 35 U.S.C. § 285.  Plaintiffs reserve the right to seek damages if Par manufactures, uses, sells, offers to sell, or imports any of the accused ANDA Products prior to the expiration date of the '031 patent.

**C.**    **Expected Duration And Scope Of Trial**

61.    Trial is scheduled to begin on May 1, 2014 and to last two days.  Fifty percent of the time (7 hours total) will be allotted to Plaintiffs and the remaining fifty percent (7 hours total) to Par.  Time that a party is presenting opening statements, objecting to evidence in open court, examining or cross-examining witnesses, presenting evidence by reading or playing a deposition transcript, or otherwise speaking or arguing on behalf of a party will be counted as the time of that party.

62.    **[Par's position:** Par incorporates the testimony and evidence that the '031 and '023 patents are invalid, as presented by the Watson Defendants during the August trial, as if they were presented in this trial.] **[Plaintiffs' position:** Plaintiffs object to Par's incorporation of the testimony and evidence that the '031 and '023 patents are invalid, as presented by the Watson Defendants during the August trial, as if they were presented in this trial, as Par has not designated what prior trial testimony Par intends to rely on or indicated for what purpose(s) Par intends to use such testimony.  Plaintiffs further object to such incorporation by Par to the extent that the testimony and evidence is inadmissible under the Federal Rules of Evidence or other applicable principles of law.  To the extent Par is permitted to incorporate the testimony and evidence that the '031 and '023 patents are invalid, as presented by the Watson Defendants

17

during the August trial, as if they were presented in this trial, Plaintiffs incorporate the testimony and evidence that the '031 and '023 patents are valid, as presented during the August trial, as if presented in this trial.]

**D.** **Type Of Trial**

63.     This is a non-jury trial.

**E.** **Order Of Proof**

64.     The following order of proof will apply to the trial:

a.     Opening arguments will be delivered in the following order: Plaintiffs, then Par.

b.     Plaintiffs then shall present their affirmative case on infringement against Par.

c.     Upon conclusion of Plaintiffs' testimony and evidence on infringement against Par, Par shall present its testimony and evidence relating to its allegations that they do not and will not infringe the '031 and '023 patents.

d.     Upon conclusion of the infringement issues in the case, Par shall present its testimony and evidence that the '031 patent is invalid.

e.     Plaintiffs thereafter shall present their rebuttal case upon completion of Par's testimony and evidence on invalidity.

## XII.     Order To Control Course Of Action

65.     This order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

Dated: April 16, 2014

/s/ Daniel M. Silver
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
*mkelly@mccarter.com*
*dsilver@mccarter.com*

Of Counsel:

Nicholas N. Kallas
Charlotte Jacobsen
Dominick A. Conde
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2100

*Attorneys for Plaintiffs*

/s/ Steven J. Fineman
Steven J. Fineman (#4025)
Katharine C. Lester (#5629)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
*fineman@rlf.com*
*lester@rlf.com*

Of Counsel:

Daniel G. Brown
Gina R. Gencarelli
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
(212) 906-1200

Roger Chin
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
(415) 391-0600

Jennifer Koh
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
(858) 523-5400

*Attorneys for Defendant Par Pharmaceutical,
Inc.*

**SO ORDERED:**

Date: _____

_____
Hon. Richard G. Andrews
United States District Judge

ME1 17634185v.1