IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS AG, NOVARTIS PHARMA AG, NOVARTIS INTERNATIONAL PHARMACEUTICAL LTD. and LTS LOHMANN THERAPIE-SYSTEME AG,<br><br>Plaintiffs,<br><br>v.<br><br>PAR PHARMACEUTICAL, INC.,<br><br>Defendant. | C.A. No. 11-1077-RGA (cons.)<br>C.A. No. 13-1467-RGA |

## [~~PROPOSED~~] FINAL JUDGMENT

This matter having come before the Court for trial on the merits of all remaining issues in the above-captioned cases, namely to resolve the questions of whether Defendant Par Pharmaceutical, Inc. ("Par") infringes any valid claim of U.S. Patent No. 6,335,031 ("the '031 patent"); and whether those claims are invalid; and the Court having heard the testimony of the fact and expert witnesses and having considered the documentary evidence and depositions submitted by the parties; and the Court having reviewed the post-trial briefs of the parties;

**IT IS ORDERED AND ADJUDGED,** for the reasons set forth in the Court's Trial Opinion dated August 29, 2014 (D.I. 426 in 11-1077-RGA), that Final Judgment is hereby entered in District of Delaware Civil Action No. 11-1077 ("the 11-1077 suit") in favor of Par and against Novartis Pharmaceuticals Corporation, Novartis AG, Novartis Pharma AG, Novartis International Pharmaceutical Ltd. and LTS Lohmann Therapie-Systeme AG (collectively "Plaintiffs"), finding that the rivastigmine transdermal products, 4.6 mg/24 hr, 9.5 mg/24 hr

dosage strengths, that are the subject of Par's Abbreviated New Drug Application ("ANDA") No. 202339, do not infringe the '031 patent; and it is further

**ORDERED AND ADJUDGED,** in view of the Court's consolidation of Civil Action No. 13-1467 ("the 13-1467 suit") and the 11-1077 suit for trial, for the reasons set forth in the Court's Trial Opinion dated August 29, 2014 (D.I. 426 in 11-1077-RGA), that Final Judgment is hereby entered in the 13-1467 suit in favor of Par and against Plaintiffs, finding that the rivastigmine transdermal product, 13.3 mg/24 hr dosage strength, that is the subject of Par's ANDA No. 202339, does not infringe the '031 patent; and it is further

**ORDERED AND ADJUDGED,** in view of Paragraph 26 of the Joint Pretrial Order (D.I. 374), Plaintiffs' representations during the April 18, 2014 Pretrial Conference (Tr. at 8), and Plaintiffs' representations at trial (D.I. 399 at 488-89), that Final Judgment is hereby entered in favor of Par and against Plaintiffs, that the rivastigmine transdermal products, 4.6 mg/24 hr, 9.5 mg/24 hr dosage strengths, that are the subject of Par's ANDA No. 202339, do not infringe U.S. Patent No. 6,316,023 ("the '023 patent"); and it is further

**ORDERED AND ADJUDGED,** for the reasons set forth in the Court's Trial Opinion dated August 29, 2014 (D.I. 426 in 11-1077-RGA), that Final Judgment is hereby entered in the 11-1077 and 13-1467 suits in favor of Plaintiffs and against Par, that claim 7 of the '031 patent is not invalid, without prejudice to Par's right to argue its invalidity defenses on remand on the record created at trial should the non-infringement finding be vacated or reversed; and for the reasons set forth in the Court's Trial Opinion dated June 18, 2014 (D.I. 414 in 11-1077-RGA), that Final Judgment is hereby entered in the 11-1077 suit in favor of Plaintiffs and against Par, that claims 3, 7, 13, 16 and 18 of the '031 patent and claims 2 and 7 of the '023 patent are not obvious; and it is further

**ORDERED** that, in the event that Plaintiffs appeal this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54(d) and/or Local Rules 54.1 and/or 54.3, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within thirty (30) days after final disposition of any such appeal; and it is further

**ORDERED** that, in the event that Plaintiffs do not appeal this Final Judgment, any motion for attorney's fees and/or costs under Federal Rule of Civil Procedure 54(d) and/or Local Rules 54.1 and/or 54.3, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within thirty (30) days after the expiration of the time for filing a notice of appeal under Federal Rules of Appellate Procedure 3 and 4.

Dated this 17th day of September, 2014

Richard G. Andrews
UNITED STATES DISTRICT JUDGE